Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6711 | **DATE** | 8/29/2012 |
| **CASE TITLE** | Richard Branch (N-33302) vs. Sheriff Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $3.45 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Vandalia Correctional Center. The Clerk shall also: (1) add Correctional Officer Black as a Defendant in this action; (2) dismiss Defendants Tom Dart, Cermak Health Service, and Cook County Jail; (3) issue summons for service of the complaint on Defendant Black; (4) attach a Magistrate Judge Consent Form to the summons for Defendant; and (5) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Richard Branch, a prisoner at Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.45. The trust fund officer at the Vandalia Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the facility to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on April 4. 2012, while detained at Cook County Jail, he was escorted to the Cermak Health Center. While waiting at the center, Plaintiff began experiencing chest pain and a headache. Plaintiff asked Correctional Officer Black if he would re-cuff Plaintiff with his hands in front of his chest so that he could take his heart medication. Black refused to re-cuff Plaintiff. Plaintiff went back to his seat and continued to feel ill. Plaintiff asked another correctional officer to re-cuff Plaintiff so he could take his medication. This correctional officer did re-cuff Plaintiff and he took his medication.

Shortly thereafter, Plaintiff was taken to triage and he explained to the nurse what had occurred. Plaintiff was feeling light headed and he asked the nurse to remove the IV she had just placed in his arm. The nurse refused and Plaintiff lost consciousness. Plaintiff regained consciousness as he was being dragged to the emergency room. While being dragged to the emergency room, Plaintiff's head struck a wall.

Plaintiff identifies Sheriff Dart, Cermak Health Service, and Cook County Jail as Defendants in the caption of his complaint. Plaintiff lists the Cook County Department of Corrections, Correctional Officers Mac and Black, and Tom Dart as Defendants in his list of parties. Cook County Jail and Cermak Health Service are not suable entities.

| STATEMENT |
|---|

*See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993); *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). In addition, Plaintiff makes no allegations against Sheriff Dart in his complaint. Sheriff Dart cannot be held liable based solely on his position of sheriff. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors and others in authority cannot be held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions). Thus, Plaintiff has failed to state a claim against any of the Defendants identified in the caption of his complaint. However, Plaintiff has sufficiently pled that Correctional Officer Black was deliberately indifferent to Plaintiff's medical condition. Officer Black is listed as a party-defendant in Plaintiff's complaint. Accordingly, Plaintiff may proceed on his claim against Correctional Officer Black (Plaintiff cannot proceed against Officer Mac who is also identified as a party-defendant in the complaint because there are no allegations against Officer Mac in the complaint).

The United States Marshals Service is appointed to serve Defendant Black. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Cook County Jail employee who cannot be found at the address provided by Plaintiff, Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. As Plaintiff appears capable of presenting his case at this time. It should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.